MARCIA E. BUCHANAN *v.* MARIA MORENO ET AL.
(AC 29962)

Flynn, C. J., and Beach and Robinson, Js.

Argued September 8—officially released October 27, 2009

*Dominic A. Secondo*, for the appellants (defendants).

*James O. Gaston*, for the appellee (plaintiff).

*Opinion*

BEACH, J. In this negligence action, the defendants, Maria Moreno and Enaroy Simms, appeal following the trial court's denial of their motion to set aside the verdict in favor of the plaintiff, Marcia E. Buchanan. On appeal, the defendants claim that the court abused its discretion in failing to admit a particular photograph as a full exhibit. On the basis of this claimed evidential impropriety, the defendants also contend that the court improperly denied their motion to set aside the verdict. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the defendants' appeal. Following a motor vehicle accident, the plaintiff filed a one count complaint sounding in negligence against the defendants. The plaintiff alleged that while she was traveling in an easterly direction in a parking lot located at 1975 Black Rock Turnpike in Fairfield, her vehicle was struck by another vehicle that was traveling in a northerly direction in the same parking lot, which was operated by Moreno and owned by Simms. The plaintiff alleged that she suffered injuries as a result of the collision. The defendants filed a special defense alleging that the plaintiff was negligent in causing the accident. Following a jury trial, the jury found in favor of the plaintiff. The jury found that the plaintiff was 25 percent negligent and, after reducing the damage award accordingly, awarded her damages in the amount of $196,003.68. The defendants subsequently filed a motion to set aside the verdict, which the court denied. This appeal followed.

The defendants claim that the court abused its discretion in declining to admit a photograph, which was marked as defendants' exhibit A for identification, as a full exhibit.[1] We disagree.

Our standard of review of an evidentiary ruling is well settled. "The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence . . . [and its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." (Internal quotation marks omitted.) *Viera* v. *Cohen*, 283 Conn. 412, 452, 927 A.2d 843 (2007).

On March 5, 2008, the defendants' counsel asked Moreno whether the photograph was a fair and accurate depiction of the general layout of the parking lot on the day of the accident. Moreno answered affirmatively, and the defendants' counsel sought to admit the photograph as a full exhibit. The plaintiff objected on various grounds, and the court permitted the plaintiff to voir dire Moreno. The photograph depicted a lane of travel that was marked "one way." Moreno testified that the photograph did not depict the lane of travel in which the accident had occurred. The plaintiff's counsel objected, inter alia, on the additional grounds that the defendants had not timely disclosed the photograph and that he had seen the photograph for the first time on the preceding day.

---

[1] The court declined to admit the photograph as a full exhibit for several reasons, including late disclosure and relevance. The defendants focus on the latter in their appellate brief. We conclude that the court acted within its discretion in declining to admit the photograph as a full exhibit on the ground that the defendants untimely disclosed the photograph to the plaintiff. We offer no opinion as to the relevance of the photograph.

The court sustained the plaintiff's objection. The court agreed that the photograph was not disclosed in a timely fashion. The court further reasoned that none of the parties placed the accident at the location depicted in the photograph, and, therefore, any probative value would be outweighed by the prejudicial impact.

The court did not abuse its discretion in declining to permit the introduction of the photograph as a full exhibit on the basis of untimely disclosure. In her interrogatories and production requests, the plaintiff asked the defendants if they were aware of any photographs depicting the accident scene and, if so, to provide her with certain information pertaining to such photographs and a copy of the photographs. The defendants did not object and in response gave information pertaining to other photographs, but not to the photograph in question. The date on the back of the photograph in question indicates that it was developed in July, 2007. The plaintiff's objection to the admission of the photograph as a full exhibit was based, inter alia, on the ground that the defendants did not disclose the photograph until March 4, 2008, the eve of trial.[2]

Practice Book § 13-15 imposes a continuing duty, prior to and during trial, to correct or to supplement discovery responses.[3] Practice Book § 13-14 provides in relevant part: "(a) If any party . . . has failed to comply with the provisions of Section 13-15 . . . the

---

[2] The evidence portion of the trial apparently began on March 5, 2008.

[3] Practice Book § 13-15 provides: "If, subsequent to compliance with any request or order for discovery and prior to or during trial, a party discovers additional or new material or information previously requested and ordered subject to discovery or inspection or discovers that the prior compliance was totally or partially incorrect or, though correct when made, is no longer true and the circumstances are such that a failure to amend the compliance is in substance a knowing concealment, that party shall promptly notify the other party, or the other party's attorney, and file and serve in accordance with Sections 10-12 through 10-17 a supplemental or corrected compliance."

judicial authority may, on motion, make such order as the ends of justice require. (b) Such orders may include the following . . . (4) The entry of an order prohibiting the party who has failed to comply from introducing designated matters into evidence . . . ." "Decisions on the entry of such sanctions rest within the sound discretion of the trial court." *Rullo* v. *General Motors Corp.*, 208 Conn. 74, 78, 543 A.2d 279 (1988) (discussing Practice Book § 231, now § 13-14). No compelling reason was advanced to explain the delay in disclosure,[4] and no overwhelming need for the evidence has been suggested. The court was well within its discretion in not permitting a photograph, which was disclosed on the eve of trial, to be admitted as a full exhibit at trial.

On the basis of this claimed evidential impropriety, the defendants also contend that the court improperly denied their motion to set aside the verdict.[5] In their motion to set aside the verdict, the defendants argued that the court abused its discretion in declining to admit the photograph marked as defendants' exhibit A as a full exhibit. Following a hearing, the court denied the defendants' motion, reasoning, inter alia, that the photograph was not disclosed until the eve of trial. We treat

---

[4] As a basis for their claims before this court, the defendants refer rather vaguely to attorney work product. If there were merit to the assertion of such privilege, the remedy is nondisclosure rather than introduction into evidence.

[5] "The proper appellate standard of review when considering the action of a trial court . . . denying a motion to set aside a verdict . . . is the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We do not . . . determine whether a conclusion different from the one reached could have been reached. . . . A verdict must stand if it is one that a jury reasonably could have returned and the trial court has accepted." (Internal quotation marks omitted.) *Terio* v. *Rama*, 104 Conn. App. 35, 45, 930 A.2d 837 (2007), cert. denied, 285 Conn. 912, 943 A.2d 471 (2008).

this claim the same as the defendants' claim of evidential impropriety. For the reasons already set forth, we conclude that the court did not abuse its discretion in denying the defendants' motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.